UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-30044-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MONICA TATUM MCWILLIAMS | MAG. JUDGE KAREN L. HAYES |

# MEMORANDUM ORDER

Pending before the Court is a Motion to Quash and Suppress [Doc. No. 54] filed by Defendant. Defendant contends that the subpoenas issued for the seizure of her business records should be quashed, and all items obtained through the subpoenas should be suppressed. In support, she cites the Court to *United States v. Doe*, 465 U.S. 605 (1984), in which the Supreme Court held that the sole proprietor of a business could not be compelled to produce self-incriminating documents without a statutory grant of use immunity pursuant to 18 U.S.C. §§ 6002 and 6003. While the Supreme Court found that the contents of the business records were not privileged, the act of production was. Therefore, a sole proprietor could only be compelled to produce the documents under a grant of immunity.

However, as the Government points out, the facts in this case are distinguishable from *Doe* and, more importantly, governed by other Supreme Court precedent. Subpoenas requesting the same business records were issued both to Defendant and to Kiddieland Daycare and Nursery, Inc. ("Kiddieland"), a corporation for which Defendant is the registered agent and a corporate officer. "Had [Defendant] conducted [her] business as a sole proprietorship, *Doe* would require that [s]he be provided the opportunity to show that h[er] act of production would entail testimonial self-incrimination. But [Defendant] has operated h[er] business through the corporate form, and [the Supreme Court has] long

1

recognized that, for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals." *Braswell v. United States*, 487 U.S. 99, 104 (1988). In *Braswell*, the Supreme Court explained that the "plain mandate" of its precedent "is that without regard to whether the subpoena is addressed to the corporation, or as here, to the individual in his capacity as a custodian, . . . a corporate custodian . . . may not resist a subpoena for corporate records on Fifth Amendment grounds." *Id.* at 108-109.

The Court notes, however, that because Defendant acted as a representative of Kiddieland the Government can "make no evidentiary use of the 'individual act' against [her]." *Id.* at 118. As the Supreme Court explained, " in a criminal prosecution against the custodian, the Government may not introduce into evidence before the jury the fact that the subpoena was served upon and the corporation's documents were delivered by one particular individual, the custodian." *Id.* In this case, the Government has indicated that the records seized were not introduced to the Grand Jury and that it does not intend to introduce the records in its case-in-chief, so this caveat should not be an issue at trial.

Finally, although Defendant made no argument under the Fourth Amendment, the Court agrees with the Government that issuance of the subpoenas does not implicate the Fourth Amendment. To the extent that Defendant and her Co-Defendant chose to comply with the subpoenas by producing records and also permitting federal agents entry, the Court finds no violation of the Fourth Amendment.

Accordingly, Defendant's Motion to Quash and Suppress is DENIED.

MONROE, LOUISIANA, this 15th day of June, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE