UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. ACTION NO. 05-30044-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MONICA D. TATUM MCWILLIAMS** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a letter motion [Doc. No. 157] filed by Defendant Monica D. Tatum McWilliams ("McWilliams"). McWilliams writes the Court because the Bureau of Prisons ("BOP") has delayed her referral to a halfway house for 90 days because she has failed to make certain restitution payments under the BOP's Financial Responsibility Program ("FRP").

McWilliams was originally sentenced on October 10, 2006, to serve 87 months imprisonment. As part of the October 13, 2006 Judgment [Doc. No. 125], McWilliams was required to pay a special assessment of $4,700.00 and restitution in the amount of $617,057.17. Page 7 of the Judgment established that payment of the special assessment was due immediately, but McWilliams was not ordered to pay restitution until thirty days after her release from imprisonment. Although defendants sometimes make payments while imprisoned, a fact recognized in the Court's special conditions of supervised release, the Court did not order McWilliams to make restitution until after her release from prison. *See* [Doc. No. 125, p. 5 ("Any portion of the restitution that remains unpaid at the time of the defendant's release from confinement, shall be payable in monthly installments . . . ."). Thus, there appears to be some merit to McWilliams' position that she should not be required to make restitution payments during her term of imprisonment.

However, if a defendant wishes to challenge the calculation or the manner in which her sentence is being executed, she must exhaust available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). The defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which she is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, it does not appear that McWilliams has exhausted her administrative remedies with the BOP. Further, since she is incarcerated in Bryan, Texas, the United States District Court for the Southern District of Texas, not this Court, would have jurisdiction over her section 2241 Petition.[1]  Accordingly,

IT IS ORDERED that McWilliams' motion, which the Court construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is DENIED and DISMISSED WITHOUT PREJUDICE to her right to re-file in the United States District Court for the Southern District of Texas.

MONROE, LOUISIANA, this 26th day of September, 2012.

*[signature: Robert G. James]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] While the Court would have jurisdiction over a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, McWilliams does not appear to challenge the lawfulness of her sentence, just the BOP's manner of the execution of her sentence.