UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | * | CRIM. ACTION NO. 05-30044-1 |
|---|---|---|
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| MONICA D. TATUM MCWILLIAMS | * | MAG. JUDGE KAREN L. HAYES |

<u>**MEMORANDUM ORDER**</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a letter-motion for reconsideration [doc. # 230][1] of the court's December 19, 2019, Garnishee Order [doc. # 228], styled as a request for a hearing or decision to reduce restitution payment because of financial hardship caused by defendant's spouse's disability, medical debt, and two children in college.   The motion is opposed.   [doc. # 235].   For reasons assigned below, the motion for reconsideration is DENIED.[2]

<u>**Background**</u>

On October 13, 2006, the District Court entered a criminal judgment against defendant Monica D. Tatum McWilliams ("McWilliams") that required her, *inter alia*, to pay $617,057.17 in restitution to the victims of her criminal conduct.   (Oct. 13, 2006, Judgment [doc. # 125]). As of October 2, 2019, the sum of $82,152.59 had been credited towards the judgment debt, which leaves an outstanding balance owed by McWilliams of $539,604.58.   (Application for

---

[1] *See* July 21, 2020 Minute Entry [doc. # 233].

[2] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.   Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Writ of Continuing Garnishment [doc. # 221]).

On October 4, 2019, in an effort to spur collection of the remaining debt, the United States applied for, and obtained a writ of continuing garnishment against McWilliams' employer, the Morehouse Parish School Board ("Morehouse" or "Garnishee").   [doc. #s 221-222].   On November 5, 2019, the Garnishee answered the writ and detailed defendant's earnings and withholdings.   [doc. # 223].

Following notification to defendant of her right to a hearing, coupled with her subsequent failure to request a hearing, the court ordered that, pursuant to 28 U.S.C. § 3205 and 15 U.S.C. § 1673(a), Garnishee and its successors or assigns pay into the hands of the United States Attorney, for each and every pay period thereafter that defendant is employed by Garnishee, the lesser of:

1.      Twenty-five percent (25%) of defendant's disposable earnings; or

2.      All amounts of defendant's disposable earnings in excess of thirty times the federal minimum wage,

and that Garnishee and its successors or assigns continue said payments until the debt to plaintiff is paid in full or until the Garnishee and its successors or assigns no longer has custody, possession or control of any property belonging to defendant or until further order of this Court. (December 19, 2019, Garnishee Order [doc. # 228]).

On July 15, 2020, defendant filed the instant letter-motion to reduce her monthly restitution payment of $820.00 because of financial hardship caused by her spouse's disability, medical debt, and the cost of two children attending college.   [doc. # 230].   On July 23, 2020, the government filed its response in opposition to defendant's motion.   [doc. # 235].   Defendant did not file a reply, and the time to do so has lapsed.   *See* Notice of Motion Setting [doc. # 234].

Thus, the matter is ripe.

## Law and Analysis

The Federal Rules of Criminal Procedure do not recognize motions for reconsideration. *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir.1991) (citation omitted).   Nonetheless, "they are a recognized legitimate procedural device."   *Id*.   Furthermore, "courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context."   *United States v. Cotto*, No. 16-0036, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (citations omitted).

Under the Federal Rules of Civil Procedure, a motion challenging a judgment or order may be filed and considered under Rules 54, 59, or 60.   *B.A. Kelly Land Co., LLC v. Aethon Energy Operating LLC*, No. 18-01243, 2019 WL 6542407, at *2 (W.D. La. Dec. 4, 2019). However, for final judgments, only Rules 59 and 60 are available.   *Id*.   The court's garnishee order constitutes a final, appealable order.[3]

By its terms, Rule 59 is restricted to motions that are filed within twenty-eight (28) days of entry of a final judgment.   Fed.R.Civ.P. 59.   Here, defendant filed her motion after that period, thus Rule 59 is inapplicable, thereby leaving only Rule 60.   Under Rule 60, a court

> may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;

---

[3]  Under 28 U.S.C. § 3205(c)(7), "it is only after a writ of garnishment has been issued, the garnishee has answered, and the court has held a hearing (if one was requested and granted), that the court may enter a final 'order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.'"   *United States v. Branham*, 690 F.3d 633, 635 (5th Cir.2012).

(**2**) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(**3**) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(**4**) the judgment is void;

(**5**) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(**6**) any other reason that justifies relief.

Fed.R.Civ. 60(b).

Defendant argues that her financial circumstances have changed since entry of the garnishee order, such that her garnishment should be reduced.   However, defendant's proffered reasons for modification, reduction, and/or reassessment of the garnishment are not cognizable under the law.

The United States is authorized under 18 U.S.C. § 3613(a) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."   *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002).   More specifically:

[n]otwithstanding any other Federal law . . . a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that--

(1)      property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;[4]

---

[4]   The following property is exempt from enforcement of a judgment:   (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (9) Certain service-connected disability payments; and (10) Assistance under Job

(2)      section 3014 of chapter 176 of title 28 shall not apply to
enforcement under Federal law; and

(3)      the provisions of section 303 of the Consumer Credit Protection
Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment
under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).

**If property is not listed as exempt from levy under Section 6334(a) or any other federal law, then the property is *not* exempt.**   26 U.S.C. § 6334(c).

Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, the United States is authorized to seek, and the court is authorized to issue, a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."   28 U.S.C. § 3205(a). Property is defined under the FDCPA as:

any present or future interest, whether legal or equitable, in real, personal
(including choses in action), or mixed property, tangible or intangible, vested or
contingent, wherever located and however held (including community property
and property held in trust (including spendthrift and pension trusts)) . . . .

28 U.S.C. § 3002(12).

Within 20 days after receiving notice of a writ of garnishment, a debtor may request a court hearing.   28 U.S.C. § 3202(d).   The issues at a hearing are limited to:

(1)      the probable validity of any claim of exemption by the judgment
debtor;

(2)      compliance with any statutory requirement for the issuance of the
post judgment remedy granted; and

(3)      if the judgment is by default and only to the extent that the

---

Training Partnership Act.   28 U.S.C. § 6334(a)(1)-(8), (10), (12).

Constitution or another law of the United States provide a right to a hearing on the issue, to -

(A)     the probable validity of the claim for the debt which is merged in the judgment; and

(B)     the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d)(1)-(3).

Here, defendant's motion fails to raise any cognizable basis for a hearing.   She also does not identify any specific exemption that she contends is applicable – nor does the court discern any.   *See United States v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011) (denial of motion for hearing upheld where:   1) debtor failed to demonstrate probable validity of any claim of exemptions; 2) debtor failed to assert noncompliance with statutory requirements; and 3) the case did not involve a default judgment).

Defendant attached to her motion a copy of a letter dated April 21, 2020, from the Louisiana Supreme Court urging its judges, *inter alia*, to consider waiving, suspending, or adjusting monthly payments in response to changes in a defendant's circumstances.   *See* doc. # 230-1.   However, the letter from the Louisiana Supreme Court is not binding.   Furthermore, this United States District Court is obliged to apply federal law, and defendant has not identified any federal law that was passed in response to the Covid-19 crisis that would entitle her to relief under the present circumstances.

Accordingly, the court necessarily concludes that movant has failed to advance any valid ground sufficient to support her implicit request for relief under Rule 60.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that defendant, Monica D. Tatum McWilliams's motion for

6

reconsideration [doc. # 230] is hereby DENIED.

In Chambers, at Monroe, Louisiana, this 4th day of August 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE